ORIGINAL

FILED

04/08/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0182

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0182

MONTANANS SECURING REPRODUCTIVE
RIGHTS and SAMUEL DICKMAN, M.D.,

Petitioners,

v.

AUSTIN MILES KNUDSEN, in his official
capacity as MONTANA ATTORNEY GENERAL;
and CHRISTI JACOBSEN, in her official Capacity
as MONTANA SECRETARY OF STATE,

Respondents.

**FILED**

APR - 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

On April 3, 2024, Petitioners Montanans Securing Reproductive Rights and Samuel Dickman, M.D. (MSRR), moved this Court for "supplemental relief" in this case. MSRR alleged that Montana Secretary of State Christi Jacobsen had failed to immediately provide a finalized petition form for its ballot initiative after this Court certified a ballot statement to Jacobsen.

MSRR requested three forms of relief: (1) this Court directs the Secretary to immediately provide to MSRR a finalized petition form that substantially complies with the format provided in § 13-27-241, MCA, with the language concerning interim committee review stricken as inapplicable to CI-14; (2) this Court declare that § 13-27-228, MCA, does not apply to CI-14, may not delay the collection of signatures, and may not be used to question the collection of otherwise-valid signatures for CI-14; and (3) this Court retain jurisdiction over this matter through the signature collection process, including sanctions and contempt powers.

In our April 3, 2024 Order, we denied the first form of relief MSRR requested, ruling that the relief requested would, in substance, be a writ of mandamus. We explained that if MSRR wanted this Court to consider issuance of a writ of mandamus, it must follow the procedure for obtaining such writ.

On April 4, 2024, MSRR petitioned for writ of mandate. See Montanans Securing Reproductive Rights v. Jacobsen, No. OP 24-0214. This Court allowed the writ, and on April 5, 2024, Jacobsen provided MSRR with the finalized petition form MSRR sought.

Because MSRR has received the ultimate relief it requested—as we allowed the writ and the Secretary of State provided notice of satisfaction of the writ—we have considered whether supplemental relief is required in this Original Proceeding or if subsequent actions have mooted MSRR's request. We conclude that, at this juncture, Jacobsen's compliance with the writ relieved any further delay in collection of signatures. The supplemental relief prospectively requested by MSRR is speculative as there are no facts developed regarding signature collection, the signature collection process, or any interference therewith aside from the delay in obtaining the finalized petition form which has since been resolved.

IT IS THEREFORE ORDERED that MSRR's request for supplemental relief is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this Court's Order requiring Respondents to prepare, file, and serve a response(s) to MSRR's requests for relief as set forth in (2) and (3) above, is VACATED.

The Clerk is directed to provide immediate notice of this Order to counsel for all parties.

DATED this 8th day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2